1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUDITH C. MAGNEY,

         Plaintiff,

   v.

COUNTY OF HUMBOLDT, et al.,

         Defendants.

Case No. 17-cv-02389-HSG

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Re: Dkt. Nos. 31, 32

Pending before the Court are two motions to dismiss: one filed by the County of Humboldt, Humboldt County Board of Supervisors, and various County employees ("County Defendants"),[1] and the other filed by two employees of Humboldt County Adult Protection Services ("APS Defendants"). *See* Dkt. Nos. 31 ("County Mot."), 32 ("APS Mot."). Both motions seek dismissal of the complaint filed by Plaintiff Judith Magney as the successor in interest to her late husband, Dick Magney ("Decedent"). *See* Dkt. No. 1 ("Compl.") ¶ 42. Plaintiff filed oppositions to both motions, Dkt. Nos. 47 ("County Opp."), 48 ("APS Opp."), and the APS and County Defendants (collectively, "Defendants") separately filed replies, Dkt. Nos. 53 ("County Reply"), 51 ("APS Reply"). Having carefully considered the parties' arguments, the Court hereby **GRANTS** Defendants' motions.[2]

---

[1] In her complaint, Plaintiff named the following County employees as Defendants: Humboldt County Counsel Jeffrey S. Blanck, Carolyn J. Ruth, Blair Angus, and Natalie A. Duke; Director of Humboldt County Department of Health and Human Services ("DHHS"), Phillip Crandall; Adult Protection Services ("APS") Public Nurse, Heather F. Ringwald; APS Supervising Nurse, Shirley Hillman; DHHS, Social Services Branch ("SS") Social Worker Supervisor, Rosy Provino; SS Program Manager, Amanda Winstead; and DHHS Humboldt County Public Guardian, Kelli L. Schwartz. *See* Dkt. No. 1 at 2; *see also* Dkt. No. 1-2 at 3.
[2] The Court finds this matter appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b).

**I.    BACKGROUND**

This case arises out of allegations regarding Defendants' conduct in (1) securing temporary medical decision making authority for Decedent, and (2) challenging Plaintiff's authority to act as Decedent's agent or surrogate pursuant to his Advanced Health Care Directive ("AHCD") during Decedent's hospitalization in 2015.  Specifically, the complaint sets forth the following facts.

Plaintiff alleges that, "each and every day from March 13, 2015 through May 6, 2015," Defendants "conspired to, and did make [] fraudulent evidentiary showings to obtain ex parte orders invalidating" Decedent's AHCD.  Compl. ¶¶ 47-48.  In so doing, Defendants "purposefully misled" the Humboldt County Superior Court of California in the subsequent legal proceedings. *Id.*  Defendants also allegedly aided and abetted each other in violating Decedent's fundamental rights "by subjecting [him] to daily Medical Batteries . . . [and] unwanted medical procedures" in violation of his AHCD during this timeframe. *Id.* ¶ 57.  Plaintiff further alleges that, from March 13, 2015 through May 22, 2015, Defendants "overtly acted in furtherance of their conspiracy" to violate Decedent's fundamental rights "by meeting, telephoning, emailing, planning[,] and discussing daily how to further their conspiracy . . . ." and, from April 6 to May 22, 2015, "by exercising total physical control over his person and total financial control over his finances . . . ." *Id.* ¶¶ 58-59.  According to Plaintiff, this deprivation of Plaintiff's and Decedent's constitutional rights was the direct result of Defendant County's official policy or custom of countermanding AHCDs with which it disagrees. *Id.* ¶¶ 64-66.

Following the California Superior Court's decision not to award Plaintiff and Decedent attorneys' fees under section 4771(a) of the California Probate Code, *see* Cal. Probate Code § 4771(a), Plaintiff appealed.[3]  *See* Compl., Ex. 1 at 31-53; *see also Humboldt Cty. Adult Protective Servs. v. Superior Court*, 208 Cal. Rptr. 3d 666, 669 (Ct. App. 2016).  Plaintiff attached the California Court of Appeal opinion to her complaint and incorporated it by reference. *Id.*; *see also* Compl. ¶ 55.

---

[3] Section 4771(a) of the California Probate Code permits a court, in its discretion, to award attorneys' fees to "[t]he agent or surrogate, if the court determines that the proceeding was commenced without any reasonable cause."

1    Plaintiff filed the complaint on April 26, 2017.  Dkt. No. 1.  The complaint sets forth three

2    claims for relief arising under 42 U.S.C. § 1983 against all Defendants, individually and in their

3    official capacities acting under color of state law.  The first and third claims allege deprivation of

4    Decedent's and Plaintiff's constitutional rights to liberty and privacy under the Fourteenth

5    Amendment of the United States Constitution, and the second claim alleges conspiracy to violate

6    these constitutional rights.  *Id.* ¶¶ 84-107.  Plaintiff seeks compensatory and punitive damages, as

7    well as an award of attorneys' fees under 42 U.S.C. § 1988.  *Id.* ¶¶ 29-30.

8    Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of

9    Civil Procedure 12(b)(6) ("Rule 12(b)(6)").  Among other arguments, Defendants contend that

10   Plaintiff's section 1983 claims are time-barred.  *See* County Mot. at 4-5; APS Mot. at 9-10.

11

12   **II.    LEGAL STANDARD**

13   Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

14   if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to

15   dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its

16   face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  On a motion to dismiss, the Court

17   accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in

18   the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d

19   1025, 1031 (9th Cir. 2008).  But the plaintiff must allege facts sufficient to "raise a right to relief

20   above the speculative level."  *Twombly*, 550 U.S. at 555.  Although the Court generally is confined

21   to assessing the allegations in the pleadings, when the complaint is accompanied by attached

22   documents, such documents are deemed part of the complaint and may be considered in evaluating

23   the merits of a Rule 12(b)(6) motion.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th

24   Cir. 1987); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is

25   a part of the pleading for all purposes.").  A court "need not accept as true allegations

26   contradicting documents that are referenced in the complaint."  *Lazy Y Ranch Ltd. v. Behrens*, 546

27   F.3d 580, 588 (9th Cir. 2008).

28   A statute of limitations defense may be raised by a motion to dismiss "[if] the running of

3

1    the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816

2    F.2d 482, 484 n.1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.

3    1980).  However, a complaint may not be dismissed unless it appears "beyond doubt" that

4    plaintiffs can prove no set of facts that would establish the timeliness of the claim.  *Hernandez v.*

5    *City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

6

7    **III.    PLAINTIFF'S SECTION 1983 CLAIMS AS PLED ARE TIME-BARRED**

8            Defendants move to dismiss Plaintiff's claims as barred by the statute of limitations period

9    for section 1983 actions, because they arise from conduct about which Plaintiff "knew or had

10   reason to know" was wrongful that occurred prior to April 26, 2015, more than two years before

11   Plaintiff filed her complaint.  County Mot. at 4-5; APS Mot. at 9-10; *see also* Dkt. No. 1.

12   Specifically, Defendants argue that all of Plaintiff's claims are predicated on documents filed

13   before April 26, 2015, the operative date for statute of limitations purposes.  *See* County Mot. at 4-

14   5.[4]  Two of these documents are petitions seeking temporary control over Decedent's health care

15   decisions, which were filed by certain County Defendants on March 13, 2015.  *See* Comp. ¶ 48;

16   RFJN, Exs. A-B.  Those petitions were withdrawn on April 2, 2015.  *See* RFJN, Exs. C-D.  The

17   other documents are petitions for appointment seeking temporary conservatorship and permanent

18   probate conservatorship over Decedent.  *See* County Mot. at 6; RFJN, Exs. E-L.  These documents

19   were filed on April 3, April 9, and April 22, 2015, respectively, by the Humboldt County Public

20   Guardian, another County Defendant.  *See* County Mot. at 6; RFJN, Exs. E, F,G, H.  The

21   Humboldt County Superior Court appointed the Public Guardian as temporary conservator of

22   Decedent's person and estate in letters dating between April 6, 2015 and April 14, 2015.  *See*

23   County Mot. at 6, RJFN Exs. I-L.

24

25   [4] The Court **GRANTS** County Defendant's request for judicial notice ("RFJN") to the extent that
     Defendants seek judicial notice of the existence of these documents.  *See* County Mot. at 5-6; Dkt.
26   No. 31-1, Exs. A-L.  These documents are part of the public record, and are "not subject to
     reasonable dispute."  *See Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).
27   Plaintiff's opposition to County Defendants' RFJN does not contest County Defendants' RFJN to
     the extent that the Court takes notice of these documents for their existence.  *See* Dkt. No. 48-1 at
28   4-6.  In view of County Defendants' RFJN, the Court does not rely on APS Defendants' RFJN.
     *See* Dkt. No. 29.  The Court therefore **DENIES AS MOOT** APS Defendants' RFJN.

4

1        Plaintiff generally alleges that Defendants' unlawful conduct occurred "each and every

2   day" from approximately March 13, 2015 to May 22, 2015.[5] Compl. ¶¶ 47-48, 57-59, 64-66. All

3   three of Plaintiff's claims against Defendants are based on her allegation that Defendants made

4   "fraudulent evidentiary showings" to the Humboldt County Superior Court in order to obtain ex

5   parte orders invalidating Decedent's AHCD. *Id.* ¶¶ 48-56.

6        A federal claim "accrues when the plaintiff knows or has reason to know of the injury

7   which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). Since

8   section 1983 does not on its face contain a limitations period, federal courts "look to the statute of

9   limitations for personal injury actions in the forum state." *Maldonado v. Harris*, 370 F.3d 945,

10   955 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two

11   years. Cal. Code Civ. Proc. § 335.1. As the above-referenced documents suggest, Plaintiff knew

12   or had reason to know of the injuries underlying her section 1983 claims as pled—at the very

13   latest—by April 22, 2015, the date on which the County Public Guardian filed its most recent

14   appointment petition. *See* RFJN, Ex. H. Based on the two year statute of limitations period, the

15   date by which Plaintiff needed to timely file her complaint was no later than April 22, 2017.

16   Plaintiff filed her complaint on April 26, 2017. Dkt. No. 1. While this difference is only a matter

17   of days, Plaintiff does not specifically allege any other dates that would cast doubt on the above

18   discussed public documents. Those documents, on their face, show that Plaintiff's last cognizable

19   harm under her claimed theory (i.e., the last opportunity for a "fraudulent evidentiary showing" by

20   Defendants) occurred on April 22, 2015. The Court therefore finds that Plaintiff's claims are

21   time-barred as pled and must be dismissed.

22        Plaintiff contends in her oppositions that the continuing violation theory applies to satisfy

23   the statute of limitations for her section 1983 causes of action. *See* County Opp. at 9-11; APS

24

---

25  [5] In her first claim for relief, Plaintiff contends that Decedent's constitutional rights were violated by Defendants' actions in taking control of his end of life medical care decisions and in subjecting
26  him to "forced" medical procedures from March 13, 2015 to May 6, 2015. Compl. ¶ 85. And from April 6, 2015 to May 22, 2015, Decedent's rights were further violated by Defendants'
27  actions in placing him in a nursing facility "against his choices." *Id.* Lastly, from March 13, 2015 to May 22, 2015, Decedent "was unlawfully restricted from exercising his [end of life] choices"
28  by Defendants' unlawful conduct. *Id.* ¶ 86. Plaintiff's remaining claims for relief are both based on conduct that Plaintiff alleges to have occurred from March 13, 2015 to May 22, 2015.

1  Opp. at 9-11.  For the reasons explained below, the Court finds that Plaintiff's continuing violation

2  theory fails based on the current allegations.  The Ninth Circuit has "repeatedly held that a mere

3  continuing impact from past violations is not actionable." *Knox*, 260 F.3d at 1013 (internal

4  quotations omitted).  The proper inquiry for determining whether a continuing violation theory

5  applies to a plaintiff's claims is whether the case involves "the delayed, but inevitable,

6  consequence" of the original injury, or an "independently wrongful, discrete act . . . which began

7  the running of the statute of limitations anew." *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir.

8  2012); *see also* County Reply at 3-7; APS Reply at 3-5.

9      Here, Plaintiff's complaint fails to allege that any specific act or conduct occurred within

10  the statute of limitations period.  Plaintiff's complaint similarly lacks any facts indicating that

11  Plaintiff suffered a new injury arising out of an "independently wrongful, discrete act" within that

12  timeframe.  *See* Compl. ¶¶ 42-83.  Because Plaintiff does not specify, in the complaint, any

13  "independently wrongful, discrete act" that occurred after the Public Guardian filed its most recent

14  appointment petition on April 22, 2015, the continuing violation theory does not save her claims

15  from dismissal.  Moreover, even if the Court accepts as true Plaintiff's factual allegations as they

16  relate to the dates of Defendants' conduct, she fails to plead those allegations in her complaint

17  with sufficient specificity to survive a dismissal motion.  *See Twombly*, 550 U.S. at 555 (holding

18  that a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level").

19  For instance, Plaintiff does not identify particular dates on which any one of the many named

20  Defendants undertook the allegedly unconstitutional actions.[6]

21      The Court therefore concludes that, as the complaint is currently pled, Plaintiff knew or

22  had reason to know of all of Defendants' allegedly unlawful conduct prior to April 26, 2015.

23  Plaintiff's section 1983 claims are therefore untimely and must be dismissed.[7]

24

25  [6] While Plaintiff references more detailed facts in her oppositions beyond those included in the
complaint, the Court cannot consider those facts.  *See Schneider v. California Dep't of Corr.*, 151

26  F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a
court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

27  opposition to a defendant's motion to dismiss.") (emphasis in original).

28  [7] Because the Court finds that Plaintiff's claims are time-barred, the Court does not address
Defendants' other arguments.  The Court notes, however, that any amended complaint must not

## IV.   LEAVE TO AMEND

Even where dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation and citation omitted).  Because the Court cannot conclude at this stage that Plaintiff could not allege facts sufficient to overcome the defects identified above, the Court grants Plaintiff leave to amend. *See id.*  Any first amended complaint must clearly and concisely state the basis for all claims alleged.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss.  Any amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  3/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

lump "the Defendants" together generically.  Instead, the complaint must allege what *each* Defendant did with enough specificity to enable the Court to determine whether a claim has been stated against each Defendant individually.